**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
                                    )
ROTHE DEVELOPMENT CORP.,            )
                                    )
            Plaintiff,              )
                                    )
      v.                            )   Misc. No. 06-MC-0281 (RMC)
                                    )
U.S. DEPARTMENT OF DEFENSE,         )
   et al.                           )
                                    )
            Defendants.             )
_____ )

**UNOPPOSED MOTION TO STAY PROCEEDINGS ON PLAINTIFF'S
MOTION FOR ORDER COMPELLING A REPRESENTATIVE OF
THE DEPARTMENT OF JUSTICE TO PERMIT INSPECTION OF
DOCUMENTS AND STAND FOR A DEPOSITION**

The United States Department of Justice ("respondent"), by its undersigned counsel, hereby moves that the Court stay further proceedings on the pending motion by plaintiff in the above-captioned miscellaneous action to compel enforcement of a third-party subpoena issued to respondent. Respondent requests this stay to permit the resolution of pending motions to compel and for a protective order with respect to those discovery requests by the court in which the underlying civil action is pending. Controlling case law, in particular *In re Sealed Case*, 141 F.3d 337 (D.C. Cir. 1998), and this Court's own precedents in related miscellaneous cases, supports the course of action that respondent proposes herein.


Respondent's counsel has discussed the proposed stay with plaintiff's counsel, David F. Barton, Esq. Mr. Barton stated that plaintiff does not oppose the stay. Therefore, this motion is unopposed.

The grounds for this motion are as follows:

Plaintiff's pending motion to compel is related to ongoing litigation in the United States District Court for the Western District of Texas, *Rothe Development Corp. v. Dep't of Defense*, Civil Action No. SA-98-CA-1011-XR (Rodriguez, J.). When it was originally filed in 1998, that civil action involved a challenge by an unsuccessful bidder to a 1998 award of an Air Force services contract. Plaintiff alleged that it was illegally subjected to the race and national origin-conscious provisions of Section 1207 of the National Defense Authorization Act, 10 U.S.C. § 2323, commonly referred to as the price-evaluation adjustment (hereafter "PEA"). Plaintiff contended that its constitutional right to equal protection of the laws was violated by defendants' use of the PEA, and it sought redress through declaratory, injunctive, and compensatory relief.

The trial court analyzed Section 1207 under the strict scrutiny standard established in *Adarand Constructors v. Peña*, 515 U.S. 200 (1995), and granted summary judgment to defendants in April 1999. *Rothe Dev. Corp. v. Dep't of Defense*, 49 F. Supp.2d 937 (W.D. Tex. 1999). In August 2001, the Federal Circuit reversed the grant of summary judgment and ordered that the case be remanded. *Rothe Dev. Corp. v. Dep't of Defense*, 262 F.3d 1306 (Fed. Cir. 2001).

Subsequently, the trial court adjudicated the constitutionality of Section 1207 as reauthorized in 1992, as it applied to plaintiff's bid. *Rothe Dev. Corp. v. Dep't of Defense*, 324 F. Supp.2d 840, 845 (W.D. Tex 2004). The district court granted plaintiff declaratory relief on its constitutional challenge to the denial of plaintiff's 1998 bid, finding that the Act as reauthorized in 1992 was unconstitutional as it applied to plaintiff. *See id.* at 860. The trial court also considered the constitutionality of the program as reauthorized in 2002 based solely on plaintiff's request for declaratory relief. *Id.* The court denied plaintiff declaratory and injunctive relief on its facial challenges to the current reauthorization of Section 1207 and PEA. *Id.* Moreover, the trial court determined that in 2002 Congress had met the "strong basis in evidence test" to support reauthorization of the statute. *Id.*

Plaintiff appealed these rulings to the Federal Circuit, which again remanded the case to the district court in 2005. *Rothe Dev. Corp. v. Dep't of Defense*, 413 F.3d 1327 (Fed. Cir. 2005). The central issue on remand from the Federal Circuit is whether Congress had a compelling interest in 2002 when it reauthorized Section 1207. Specifically, the Federal Circuit remanded the case "to allow both sides a fair opportunity to obtain and present Congressional evidence and arguments on the facial constitutionality of the present reauthorization of section 1207." *Id.* at 1337.

The underlying civil action, therefore, has a lengthy and complex history, and many events have occurred since the filing of that case which have affected its scope. A

thorough understanding of this prior history is not necessary for consideration of the instant motion for a stay, but is critical to the merits of the dispute involving plaintiff's requested third-party discovery from respondent.

The trial court in the Western District of Texas is well-versed about the history of the underlying civil action, the parties, and its earlier rulings relating to discovery. Consequently, the trial court is likely in a better position to rule on the legitimacy of plaintiff's discovery requests. Indeed, plaintiff has filed a motion to compel and respondent has filed a motion for a protective order with respect to the same third-party discovery requests that are at issue here in the trial court. Also, the trial court held a status conference in the case on June 30, 2006, at which the court ordered briefing on matters pertinent to the instant discovery dispute. *See* Docket Sheet for Civil Action No. 98-1011, W.D. Tex., Dkt. Nos. 277, 281, 286, available at https://ecf.txwd.uscourts.gov.

Staying further proceedings in this Court on plaintiff's motion to compel will allow the trial court to resolve the discovery dispute between plaintiff and respondent. Indeed, the Court of Appeals for this Circuit has held that it is appropriate for the objecting party to seek to stay a ruling on a motion to compel in the court from which a third-party subpoena was issued while simultaneously seeking a protective order from the court in which the underlying action is pending. *See In re Sealed Case*, 141 F.3d 337 (D.C. Cir. 1998).

In *Sealed Case*, the underlying action was pending in the United States District Court for the Eastern District of Arkansas ("Arkansas court"), and the defendant served a subpoena *duces tecum* issued from the United States District Court for the District of Columbia ("D.C. court") on a non-party Washington, D.C. law firm. When the law firm filed a motion in the D.C. court objecting to the subpoena, the D.C. court transferred the motion to the Arkansas court. The defendant sought review of the transfer order in a mandamus petition.

The Court of Appeals held that only the D.C. court had the power to act on its subpoenas but recognized that the Arkansas court would be better able to resolve discovery disputes. *Id.* at 338. Further, it interpreted the Advisory Committee Note to Federal Rule of Procedure 45 to suggest the following:

> [T]he court for the district where the [discovery] is to be taken may stay its action on the motion [to compel], permit the deponent to make a motion for a protective order in the court where the trial is to take place, and then defer to the trial court's decision.

*Id.* at 379 (citation omitted).

This Court has followed the procedure suggested in *Sealed Case* in three previous miscellaneous cases when it stayed proceedings on motions to compel arising from the very same underlying civil action as plaintiff's instant motion until the trial court in the Western District of Texas could rule on associated motions for protective orders. *See Rothe Dev. Corp. v. Dep't of Defense*, Misc. No. 03-0093-PLF (Dkt. No. 5); *Rothe Dev. Corp. v. Dep't of Defense*, Misc. Action No. 03-0094-PLF (Dkt. No. 5); *Rothe Dev. Corp.*

*v. Dep't of Commerce*, Misc. Action No. 05-514-PLF (Minute Order entered February 10, 2006).

Therefore, pursuant to *In re: Sealed Case*, and this Court's prior orders involving motions to compel third-party discovery arising from the *Rothe Dev. Corp* civil action, this Court should stay further proceedings on the instant motion to compel and defer to the ruling of the trial court in the Western District of Texas on the motions to compel and for protective order that are currently pending before that court. If this Court grants such relief, respondent will, of course, promptly advise the Court after the trial court in the Western District of Texas rules on those pending motions.

Therefore, based on the foregoing, respondent respectfully requests that this Court grant this motion and stay further proceedings on plaintiff's motion to compel in order to permit the trial court to resolve this discovery dispute. A proposed Order is attached.

        Respectfully submitted,

        _____
        KENNETH L. WAINSTEIN
        D.C. Bar No. 451058
        United States Attorney

        _____
        RUDOLPH CONTRERAS
        D.C. Bar No. 434122
        Assistant United States Attorney

/s/_____
DANIEL F. VAN HORN
D.C. Bar No. 924092
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing motion and the attached proposed Order were served on July 7, 2006, by first-class mail postage prepaid, addressed to plaintiff's counsel:

>DAVID F. BARTON, Esq.
>THE GARDNER LAW FIRM, P.C.
>745 EAST MULBERRY AVE., SUITE 100
>SAN ANTONIO, TEXAS 78212-3167

/s/_____
DANIEL F. VAN HORN
D.C. Bar No. 924092
ASSISTANT UNITED STATES ATTORNEY
ROOM E-4116
555 FOURTH ST., N.W.
WASHINGTON, D.C. 20530
(202) 514-7168
daniel.vanhorn@usdoj.gov