DOCKETS
VAN HORN

RECEIVED

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA  27 2006

NANCY MAYER WHITTINGTON. CLERK
U.S. DISTRICT COURT

|  |  |  |
|---|---|---|
| ROTHE DEVELOPMENT CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Misc. No. 06-MC-0281 (RMC) |
| | ) | |
| U.S. DEPARTMENT OF DEFENSE, | ) | |
| et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MOTION TO VACATE STAY, DENY MOTION TO COMPEL,
QUASH SUBPOENA, AND DISMISS CASE**

By Minute Order entered July 10, 2006, the Court stayed further proceedings on

plaintiff's motion to compel in the above-captioned miscellaneous case "pending

resolution by the Western District of Texas of the motions to compel and for protective

order that are currently pending before that Court, in Case No. SA-98-CA-1011-XR, with

respect to the third-party discovery sought from Respondent by Plaintiff." *See* Docket

Entry for July 10, 2006 in Case Number 1:06-mc-281. On July 24, 2006, the United

States District Court for the Western District of Texas issued an Order which resolved the

discovery motions pending before that Court in Civil Action No. SA-98-CA-1011-XR,

including the motion to compel and motion for protective order with respect to the

subpoena issued by plaintiff to respondent, the United States Department of Justice

("DoJ"), that are referred to in the Court's July 10, 2006 Minute Order in this case. *See*

Order (Document No. 296) filed July 24, 2006 in Case 5:98-cv-01011-XR (W.D. Tex.)

(hereafter cited as "Discovery Order") [copy attached hereto as Exhibit 1]. In light of the

Discovery Order, DoJ respectfully moves that the Court's order staying this case be

vacated, that plaintiff's pending motion to compel be denied, that plaintiff's subpoena to

DoJ be quashed, and that this case be dismissed. The grounds for this motion are as

follows:

      1.     Plaintiff's motion to compel in the above-captioned miscellaneous case is

related to and arises from ongoing litigation in the United States District Court for the

Western District of Texas, *Rothe Development Corp. v. Dep't of Defense*, Civil Action

No. SA-98-CA-1011-XR. This underlying civil action has a lengthy and complex history,

and many events have occurred since the filing of the case which have affected its scope.

*See Rothe Dev. Corp. v. Dep't of Defense*, 49 F. Supp.2d 937 (W.D. Tex. 1999), *rev'd*

*and remanded,* 262 F.3d 1306 (Fed. Cir. 2001), *opinion on remand*, 324 F. Supp.2d 840

(W.D. Tex 2004), *remanded,* 413 F.3d 1327 (Fed. Cir. 2005). *See also* Discovery Order

at pp. 3-8. The trial court in the Western District of Texas is well-versed about the history

of the underlying civil action, the parties, and prior rulings in the case. Consequently, the

trial court is well-positioned to rule on the legitimacy of the third-party discovery requests

that are at issue here.

2.      In this case, plaintiff seeks to enforce a subpoena issued from this Court, directing a representative of DoJ to appear for a deposition and to produce documents responsive to 167 requests for production.  Plaintiff also filed a motion to compel and DoJ filed a motion for a protective order with respect to this subpoena in the trial court in Texas.  *See* Discovery Order at pp. 11, 13.  Plaintiff's motion to compel was denied and DoJ's motion for protective order was granted by the trial court in the Discovery Order. *Id.* at p. 19.  The trial court has permitted plaintiff to conduct additional limited discovery only from The Urban Institute, the Department of Defense, and the Department of the Air Force; all of plaintiff's other discovery requests, including the discovery requested from DoJ, has been denied by the trial court.  *Id.* at pp. 19-21.

3.      Although the Court of Appeals for this Circuit has held that only this Court has the power to act on its subpoenas, it has interpreted a 1970 Advisory Committee Note to Fed. R. Civ. P. 26(c) to endorse the following procedure in cases where -- as here --  a subpoena issued from this Court is related to litigation pending before a different federal district court:

> [T]he court for the district where the [discovery] is to be taken may stay its action on the motion [to compel], permit the deponent to make a motion for a protective order in the court where the trial is to take place, and then defer to the trial court's decision.

*In re Sealed Case*, 141 F.3d 337, 342 (D.C. Cir. 1998) (citation omitted).  Accordingly, this Court should now "defer to the trial court's decision," as reflected in the Discovery Order, and decline to enforce plaintiff's outstanding subpoena to DoJ.

4.    Because this is a dispositive motion, LCvR 7(m) is not applicable. Nevertheless, on July 25, 2006, respondent's undersigned counsel attempted to contact plaintiff's counsel by telephone to ascertain plaintiff's position on the requested relief. Plaintiff's counsel was not available at that time and had not returned respondent's counsel's call prior to the filing of this motion.

Therefore, based on the foregoing, DoJ respectfully requests that the Court grant this motion, vacate its order staying this case, deny plaintiff's motion to compel, quash plaintiff's subpoena to DoJ, and dismiss this case.  A proposed Order is attached.

Respectfully submitted,

KENNETH L. WAINSTEIN
D.C. Bar No. 451058
United States Attorney

RUDOLPH CONTRERAS
D.C. Bar No. 434122
Assistant United States Attorney

DANIEL F. VAN HORN
D.C. Bar No. 924092
Assistant United States Attorney